IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CACEY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-CV-5663-JPB-CMS |
| v. ) | |
| ) | |
| IES COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Cacey Mitchell, respectfully moves this Court for an order compelling Defendant, IES Communications LLC, to fully and completely respond to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, and Requests for Production Nos. 1, 2, 4, 5, and 6.

**Factual Background**

Plaintiff, Cacey Mitchell, was employed by Defendant, IES Communications LLC. During his tenure, Plaintiff experienced a pattern of racial discrimination and retaliation. Specifically, Plaintiff alleges that after a disagreement with a supervisor, Shane Cook, he was subjected to a hostile work environment characterized by:

1

1. **Discriminatory Treatment:** Plaintiff was subjected to disparate treatment, including excessive disciplinary actions and unfair scrutiny, compared to similarly situated employees.

2. **Retaliation:** After filing a grievance, Plaintiff experienced increased scrutiny, isolation, and hostile treatment from managers and supervisors.

3. **Wrongful Termination:** Plaintiff contends that his termination was pretextual and a direct result of his complaints of discrimination and retaliation.

To support his claims, Plaintiff intends to rely on evidence such as emails, disciplinary records, and witness testimony.

**Legal Argument**

Defendant has failed to adequately respond to Plaintiff's specified discovery requests. Specifically, Defendant has:

1. **Overly Broad Objections:** Defendant has objected to numerous interrogatories on the grounds that they are vague, ambiguous, and overly broad. However, these objections are often without merit, as the interrogatories are clear and seek specific information relevant to the claims and defenses in this case.

2. **Incomplete and Evasive Answers:** Defendant has provided incomplete and evasive answers to several interrogatories, failing to provide specific details and information that is relevant to the case.

3. **Failure to Produce Relevant Documents:** Defendant has failed to produce relevant documents in response to Requests for Production, despite the clear relevance of the requested documents to the claims and defenses in this case.

Federal Rule of Civil Procedure 37(a) provides that a party may move to compel discovery if a party fails to respond adequately to a discovery request. The Court has broad discretion to compel discovery and to impose sanctions for failure to comply with discovery orders.

**Argument for Compelling Discovery**

**Relevance**

The requested discovery is directly relevant to the claims and defenses in this case. The information sought is necessary to:

1. **Establish a Prima Facie Case of Discrimination and Retaliation:** The discovery requests seek information about the specific incidents of discrimination and retaliation, the decision-making process behind adverse employment actions, and the treatment of similarly situated employees. This

information is essential to establish a causal connection between Plaintiff's protected activity (filing a grievance) and the adverse employment actions.

2. **Rebut Defendant's Defenses:** Defendant has raised various objections to the discovery requests, claiming that they are vague, ambiguous, overly broad, or burdensome. However, these objections are without merit. The interrogatories and requests for production are specific and seek information that is directly relevant to the claims and defenses in this case.

3. **Prepare for Trial:** The discovery sought is necessary to prepare for trial, including identifying and deposing key witnesses, gathering evidence, and developing effective trial strategies.

## Proportionality

The requested discovery is proportional to the needs of the case. The claims involve complex issues of discrimination, retaliation, and hostile work environment. The discovery sought is necessary to fully understand the facts and circumstances surrounding these claims. The burden of producing the requested discovery is outweighed by its importance in resolving the case.

## Specificity

The interrogatories and requests for production are sufficiently specific and not overly burdensome. They seek information that is relevant to the claims and

defenses in the case and are narrowly tailored to avoid undue burden on the defendant.

## Privilege Log

Defendant has asserted privilege as a basis for objecting to certain discovery requests. However, Defendant's privilege log is insufficient, as it fails to adequately describe the nature of the privileged documents and the basis for the privilege claim. Moreover, some of the asserted privileges, such as attorney-client privilege and work-product doctrine, may not apply to the requested documents.

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that this Court order Defendant to fully and completely respond to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, and Requests for Production Nos. 1, 2, 4, 5, and 6.

**Respectfully submitted,**

/s/ Cacey Mitchell
180 Highwood Drive
Covington, GA 30016
networkstandardtech@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CACEY MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-CV-5663-JPB-CMS |
| v. | ) |
| | ) |
| IES COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel Discovery was served on Deepa N. Subramanian on October 28, 2024 by via E-mail and U.S. Mail.

/s/ Cacey Mitchell
180 Highwood Drive
Covington, GA 30016
networkstandardtech@gmail.com