UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CACEY MITCHELL,<br><br>　　　Plaintiff,<br><br>　v.<br><br>IES COMMUNICATIONS, LLC,<br><br>　　　Defendant. | CIVIL ACTION NO.<br>1:23-CV-05663-JPB |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 50].  This Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

This case arises out of Cacey Mitchell's ("Plaintiff") employment with IES Communications, LLC ("Defendant") where he worked as a communications technician from March 2021 until his termination on January 23, 2023.  Alleging race-based discrimination, Plaintiff filed suit against Defendant on December 11, 2023.  [Doc. 3].  On January 9, 2024, Plaintiff filed an Amended Complaint asserting the following causes of action pursuant to Title VII of the Civil Rights Act of 1964:  (1) hostile work environment; (2) disparate treatment discrimination; and (3) retaliation.  [Doc. 5].  In short, Plaintiff, who is black, contends that his

white safety manager made a racist comment when he said, "you people all say the same thing."[1]  Id. at 10.  According to Plaintiff, after the safety manager made the comment, Plaintiff was disciplined on multiple occasions and then eventually fired.  Id.

In October 2024, both parties moved for summary judgment.  [Doc. 36]; [Doc. 38].  On January 28, 2025, United States Magistrate Judge Catherine M. Salinas issued a Final Report and Recommendation wherein she recommended denying Plaintiff's motion and granting Defendant's motion.  [Doc. 50].  Plaintiff filed objections to the recommendation on March 6, 2025.  [Doc. 53].  Thereafter, on March 19, 2025, Defendant filed a response to Plaintiff's objections.  [Doc. 54].  The matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection

---

[1] By way of context, the safety manager told Plaintiff to put his mask on, and Plaintiff responded that he could not because it made his glasses fog up.  The alleged racial slur—"you people all say the same thing"—was made in response to Plaintiff's comment about his fogging glasses.

2

on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation modified).

## DISCUSSION

As stated above, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff's objections, however, are not proper. The Eleventh Circuit Court of Appeals has held that "it is critical that the objection be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (citation modified). Here, Plaintiff's objections are not specific. Moreover, they are conclusory. For example, Plaintiff contends that the Magistrate Judge's recommendation is "fundamentally flawed" because the "analysis appears to minimize the significance of Plaintiff's evidence and gives undue weight to Defendant's assertions, thereby overlooking critical aspects of the case that directly support Plaintiff's claims." [Doc. 53, p. 6].

Problematically, Plaintiff never identifies what evidence he thinks was significant or what aspects of the case was overlooked. Because Plaintiff fails to provide meaningful specifics in his objections, the objections are insufficient to trigger *de novo* review. See Darden v. Experian Info. Sols., Inc., No. 1:22-CV-0896, 2022 WL 2388708, at *2 (N.D. Ga. Apr. 8, 2022) (explaining that objections that are vague or general do not constitute objections under 28 U.S.C. § 636(b)(1)).

The Report and Recommendation is not clearly erroneous, and therefore it is **ADOPTED** as the order of the Court. In an abundance of caution, however, the Court will also review the entire Report and Recommendation *de novo* in light of Plaintiff's objections. Plaintiff raises three main objections to the Report and Recommendation. First, Plaintiff asserts that the Magistrate Judge erred by recommending denial of his Motion for Summary Judgment. Second, Plaintiff claims that the Magistrate Judge erred by recommending that the Court grant Defendant's Motion for Summary Judgment. Third, Plaintiff contends that the Magistrate Judge improperly sustained Defendant's objection to Plaintiff's declaration. The objections are discussed below.

### I. Plaintiff's Motion for Summary Judgment

The Magistrate Judge recommended denying Plaintiff's Motion for Summary Judgment. Specifically, the Magistrate Judge found that Plaintiff failed

4

to meet his burden of proof as a summary judgment movant because Plaintiff's motion did "not cite to any evidence," failed to "attach a statement of material facts" and neglected to "include a memorandum of law or citations to legal authority." [Doc. 50, p. 3]. Indeed, the Magistrate Judge noted that Plaintiff's motion included "no citations to record evidence and no legal argument showing that there is no genuine issue of material fact." Id. at 4.

In his objection, Plaintiff essentially claims that the Magistrate Judge placed a "disproportionate emphasis on perceived procedural shortcomings." [Doc. 53, p. 2]. Plaintiff further asserts that his motion contained a "detailed factual background" that was "supported by references to specific documents and communications." Id. at 3. The Court disagrees on both fronts. First, the Magistrate Judge correctly recognized that *pro se* parties must comply with procedural rules. In fact, the Eleventh Circuit has held that "while the pleadings of *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *pro se* litigants still must comply with procedural rules." Maus v. Ennis, 513 F. App'x 872, 878 (11th Cir. 2013). Second, despite Plaintiff's arguments to the contrary, his motion does not contain references to specific documents or communications that are in the record. Thus, to the extent that Plaintiff objects to

the Magistrate Judge's recommendation as to Plaintiff's Motion for Summary Judgment, the objections are **OVERRULED**.

## II. Defendant's Motion for Summary Judgment

The Magistrate Judge recommended that the Court grant Defendant's Motion for Summary Judgment. Thus, the Magistrate Judge determined that summary judgment was appropriate as to Plaintiff's claims for hostile work environment, disparate treatment and retaliation.

### a. Hostile Work Environment

In this case, Plaintiff asserted a claim for hostile work environment under Title VII. Although lacking specifics, Plaintiff seems to contend that "a series of discriminatory acts, retaliation, and harassment create[ed] a hostile and unsafe work environment." [Doc. 5, p. 13].

A claim for a hostile work environment requires proof "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." Nurse v. City of Alpharetta, 775 F. App'x 603, 607 (11th Cir. 2019) (citation modified). Thus, to establish a claim, a plaintiff must show that: (1) he belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected

6

group; (4) the harassment was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for the environment under a vicarious or direct liability theory.  Fernandez v. Trees, Inc., 961 F.3d 1148, 1153 (11th Cir. 2020).

In her recommendation to grant summary judgment, the Magistrate Judge concluded that Plaintiff failed to establish the third, fourth and fifth elements.  The Magistrate Judge noted that "most of the conduct about which [Plaintiff] complains does not appear to be directed toward his race." [Doc. 50, p. 27].  Instead, Plaintiff simply presented evidence that he was repeatedly disciplined.  The Magistrate Judge further stated that Plaintiff failed to demonstrate that the conduct at issue was severe or pervasive.  Id. at 29.  Also, the Magistrate Judge found that Plaintiff admitted that he never complained of race discrimination or harassment to his superiors.  Id. at 28.  Ultimately, the Magistrate Judge concluded that Plaintiff's evidence failed to establish repeated and extreme conduct which would establish a claim for hostile work environment.

In his objections, Plaintiff contends that the Magistrate Judge "minimizes the significance of the hostile work environment created by Defendant's actions." [Doc. 53, p. 9].  He further asserts that "the cumulative effect of the discriminatory and retaliatory conduct is sufficient to establish a hostile work environment claim."

7

Id. at 9–10 (citation modified).  The Court disagrees.  Plaintiff's objections fail to show that he was harassed because of his race.  Indeed, with the exception of the single "you people" comment, the entirety of the evidence presented to the Court fails to show how Plaintiff's race factored into any of the alleged discriminatory acts.  Moreover, Plaintiff neglected to address the Magistrate Judge's finding that he never notified his employer of the discrimination or that it was severe and pervasive.  After carefully considering the record, the Court agrees with the Magistrate Judge that Plaintiff did not present enough facts to establish a hostile-work-environment claim.  In short, Plaintiff wholly fails to allege repeated instances of intimidation, insult or ridicule that together amount to a "particularly severe or pervasive harassment."  Brannon v. Sec'y, Dep't of Veterans Affs., No. 22-10838, 2023 WL 1161129, at *7 (11th Cir. Jan. 31, 2023).  Thus, Plaintiff's objections pertaining to his hostile-work-environment claim are **OVERRULED**.

### b. Disparate Treatment Discrimination

Plaintiff also asserted a claim for disparate treatment discrimination.  According to Plaintiff, he was disciplined in April 2022 for a safety glasses violation when his white coworker was not.  He further contends that his termination was the result of discrimination.

"In order to survive summary judgment, a plaintiff alleging intentional discrimination must present sufficient facts to permit a jury to rule in [his] favor." Lewis v. City of Union City, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc). The most common method of showing intentional discrimination is "the burden-shifting framework set out in McDonnell Douglas."[2] Id. When proceeding under that framework, the plaintiff bears the initial burden to establish a prima facie case of discrimination by showing the following: (1) that he belongs to a protected class; (2) that he experienced an adverse employment action; (3) that he was qualified to perform the job; and (4) that his employer treated "similarly situated" employees outside his class more favorably. Id. at 1220–21. "If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions." Id. at 1221 (emphasis omitted). If the defendant is able to identify a legitimate and nondiscriminatory reason, then the plaintiff must demonstrate "that the defendant's proffered reason was merely a pretext for unlawful discrimination." Id. Notably, this is merely an evidentiary framework and not a set of elements that the employee must prove. Tynes v. Fla. Dep't of Juvenile Justice, 88 F.4th 939, 941 (11th Cir. 2023); see also Berry v. Crestwood Healthcare LP, 84 F.4th 1300, 1310

---

[2] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05 (1973).

(11th Cir. 2023) (stating that the framework is not an inflexible rule and simply a tool that helps an employee prove discrimination with circumstantial evidence).

A plaintiff is not limited to the burden-shifting framework described above. Indeed, a plaintiff may survive summary judgment by presenting "circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Id. (quotation and citation omitted).

Under either of the methodologies identified above and regardless of how the parties characterize the analysis, "the ultimate question in a discrimination case is whether there is enough evidence to show that the reason for an adverse employment action was illegal discrimination." Tynes, 88 F.4th at 941. It is this question that must be answered "no matter how an employee presents [his] circumstantial evidence." Berry, 84 F.4th at 1311.[3]

---

[3] The Court agrees with the Magistrate Judge that Plaintiff did not present any direct evidence of discrimination.

As stated previously, Plaintiff contends that the April 2022 discipline and his termination was discriminatory.  The Magistrate Judge determined that Defendant was entitled to summary judgment as to the April 2022 discipline because (1) Plaintiff failed to provide direct evidence of discrimination; (2) the claim is time-barred; and (3) Plaintiff did not identify a comparator who was similarly situated in all material respects.  The Magistrate Judge further found that Plaintiff failed to show that discrimination was the real reason that he was disciplined.  As to the termination, the Magistrate Judge similarly concluded that Plaintiff failed to identify a comparator, show pretext or that discrimination was the actual motivation for the termination.

In his objections, Plaintiff states that "Defendant's proffered reasons [for the disciplinary actions] are clearly pretextual," and accuses the Magistrate Judge of incorrectly applying the McDonnell Douglas burden-shifting framework.  [Doc. 53, p. 9].  Plaintiff also complains that the Magistrate Judge neglected to properly weigh the fact that one of the disciplinary actions was rescinded.  After review, the Court does not find that the Magistrate Judge improperly applied the burden-shifting framework or the summary judgment standard for disparate treatment claims.  Moreover, Plaintiff completely fails to address how any claims relating to the April 2022 discipline were timely or whether any comparators exist.  In sum,

the Court agrees with the Magistrate Judge that Plaintiff failed to present sufficient evidence to show that the reason for the adverse employment actions was illegal discrimination. Plaintiff's objections pertaining to his disparate treatment claim are therefore **OVERRULED**.

### c. Retaliation

Plaintiff asserted a retaliation claim against Defendant. Plaintiff's retaliation claim is based on his January 2023 termination and the disciplinary write-ups he received leading up to his termination.

"Title VII makes it unlawful for an employer to retaliate against an employee because he has opposed any practice made an unlawful employment practice by Title VII." Black v. Reynolds, 674 F. App'x 851, 854 (11th Cir. 2016) (citation modified). To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. Id. Particularly relevant here, protected activity "refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment." Bolden v. Asbury Auto. Grp., No. 1:17-cv-02369, 2017 U.S. Dist. LEXIS 159042, at *6 (N.D. Ga. Aug. 8, 2017).

The Magistrate Judge recommended granting summary judgment to Defendant because Plaintiff failed to show that he engaged in protected activity or expression. As to this finding, the Magistrate Judge noted that Plaintiff's complaints to human resources never mentioned race discrimination or race-based harassment. Instead, Plaintiff merely complained that he was repeatedly disciplined.

Plaintiff argues that the Magistrate Judge's recommendation is erroneous. In his objection, Plaintiff largely relies on the temporal proximity between his last complaint and his termination to support the retaliation claim. As an initial matter, "temporal proximity by itself generally cannot prove that an employer's proffered reasons are pretextual." Todd v. Fayette Cnty. Sch. Dist., 998 F.3d 1203, 1219 (11th Cir. 2021). Moreover, Plaintiff never explains how he engaged in protected activity under Title VII. Indeed, Plaintiff's objections fail to address how his complaints put Defendant on notice of discrimination. In other words, there is no indication that Plaintiff told Defendant that he was being harassed or disciplined based on his race. "To constitute statutorily protected activity under Title VII, an employee must complain about a practice made unlawful by Title VII, i.e., discrimination based on race, color, religion, sex, or national origin." Stephens v. City of Helen, No. 2:22-CV-00111, 2024 U.S. Dist. LEXIS 18780, at *44 (N.D.

Ga. Feb. 2, 2024). Because the Magistrate Judge correctly determined that Plaintiff failed to sufficiently show that he engaged in a protected activity, Plaintiff's objections are **OVERRULED**.

### III. Exclusion of Plaintiff's Declaration

On November 21, 2024, Plaintiff filed a declaration with the Court. [Doc. 45]. Defendant filed a timely objection to the declaration on December 19, 2024. [Doc. 49]. In the Report and Recommendation, the Magistrate Judge sustained Defendant's objection to the Declaration. The Magistrate Judge explained that Plaintiff's declaration does not comply with Federal Rule of Civil Procedure 56(c)(4), which provides that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In excluding the declaration, the Magistrate Judge concluded that Plaintiff's declaration was "rife with legal conclusions, speculations, and opinions," and it also contains hearsay. [Doc. 50, p. 8]. Moreover, the Magistrate Judge determined that the declaration was "irrelevant" because Plaintiff does not refer to it in his response to Defendant's Motion for Summary Judgment. Id.

Plaintiff objected to the Magistrate Judge's conclusion to exclude the declaration. Essentially, Plaintiff contends that the declaration and attached

exhibits provide "crucial context and evidence of the hostile work environment and retaliatory actions." [Doc. 53, p. 8].  However, in his objection, Plaintiff fails to explain how his declaration complies with Rule 56(c)(4).  Plaintiff further neglects to address why he did not rely on the declaration in his response to Defendant's Motion for Summary Judgment or how the declaration would change the outcome here.  As a result, Plaintiff's objection as to the declaration is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objections, the Final Report and Recommendation [Doc. 50] is **ADOPTED** as the order of this Court.  For the reasons stated by the Magistrate Judge and the reasons discussed herein, Plaintiff's Motion for Summary Judgment [Doc. 36] is **DENIED** and Defendant's Motion for Summary Judgment [Doc. 38] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 21st day of July, 2025.

J. P. BOULEE
United States District Judge